IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLAYINKA ILUMSA SUNMOLA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 19-CV-00219-NJR<br><br>Criminal No. 13-CR-30272-DRH |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) filed by Petitioner Olayinka Ilumsa Sunmola ("Sunmola"). For the reasons set forth below, Sunmola's motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

On November 20, 2013, Sunmola indicted in relation to an online dating scheme on eight counts, as follows:

- Count 1: Conspiracy, 18 U.S.C. § 371;
- Counts 2-4: Mail fraud, 18 U.S.C. § 1341;
- Counts 5-7: Wire fraud, 18 U.S.C. § 1343;
- Count 8: Interstate extortion, 18 U.S.C. § 875(d)).

*United States v. Sunmola* 13-cr-30272-DRH (S.D. Ill.) at Doc. 1.

Sunmola arrested on August 9, 2014, when he was traveling in London, and transferred to the custody of the United States on February 26, 2015. *United States v.*

*Sunmola*, 887 F.3d 830, 835 (7th Cir. 2018). On February 27, 2015, a Mirandized interview of Sunmola was conducted, in which Sunmola was told that the Nigerian consulate had been notified of his arrest, as was required under applicable U.S. law (Doc. 7-2).

The case proceeded to trial, and on the third day of trial on March 2, 2016, Sunmola entered a guilty plea on all eight counts. *Sunmola*, 13-cr-30272-DRH at Doc. 63. Sunmola had confirmed that he understood English and that he had thoroughly read and understood the indictment and that he was satisfied with the advice that he had received from his attorneys. *Id*. The Court advised Sunmola of the potential range of sentences that he could face and also that he could not know with any certainty what sentence he would receive, and Sunmola indicated that he understood this. *Id.* Over the course of his plea hearing, Sunmola admitted the essential elements of each count with which he was charged. *Id.* At the end of his plea hearing, Sunmola again indicated the he understood everything that he had been told and reiterated his plea of guilty. *Id.*

A pre-sentence report ("PSR") was produced, and Sunmola entered certain objections through his sentencing counsel. *Id.* at Doc. 52, 68-75. At a sentencing hearing on February 2, 2017, Sunmola was sentenced to a term of 324 months' imprisonment and ordered to pay restitution in the amount of $1,707,260.98, an amount later reduced to $1,669,050.98. *United States v. Sunmola*, 887 F.3d 830, 836 (7th Cir. 2018).[1]

Sunmola appealed the application of certain sentencing guidelines and the court's calculation of loss and restitution and reliance on principles of deterrence. *Id.* The Seventh

---

[1] Sunmola's criminal case was handled by District Judge David R. Herndon, who has now retired from federal judicial service.

Circuit affirmed his sentence on April 16, 2018. *Id*. On February 19, 2019, Sunmola brought the instant motion seeking collateral review of his sentence, and subsequently supplemented that motion (Docs. 1, 12). Taken together, his filings seek collateral review on the following grounds, which generally deal with either ineffective assistance of counsel or deficiencies in his plea:

> (1) Ineffective assistance of counsel based on trial counsel's representations regarding the length of his sentence, failure to obtain evidence from outside the United States or present mitigating evidence, failure to object to statements in the Pre-Sentencing Report and remarks made by the judge at sentencing, and failure to advise Sunmola of his right to consular notification and assistance under the Vienna Convention on Consular Relations;
>
> (2) Sunmola's guilty plea was deficient based on inaccurate advice that he had received from trial counsel and trial counsel's failure to withdraw his guilty plea.

## LEGAL STANDARD

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under Section 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013); *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004).

"[A]n evidentiary hearing is not warranted for every § 2255 petition." *Cooper v.*

*United States*, 378 F.3d 638, 641 (7th Cir. 2004) (citing *Key v. United States*, 806 F.2d 133 (7th Cir. 1986)). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. at 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).

### ANALYSIS

Based on its review of the filings, the Court concludes that the issues in this action can be resolved on the existing record, as discussed below. Accordingly, an evidentiary hearing is not warranted here.

**I.**   **Ineffective assistance of counsel claims**

*a) Applicable Law*

Claims of ineffective assistance of trial counsel can generally be raised for the first time via a Section 2255 motion, as opposed to on direct appeal. Indeed, such claims generally are better suited for collateral review under Section 2255, where a fuller record can be developed. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Walltower*, 643 F.3d 572, 579 (7th Cir. 2011).

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right … to have the Assistance of Counsel for his defense." The right to assistance of counsel encompasses the right to effective assistance of counsel. *Blake*, 723 F.3d at 879 (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)).

Under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in showing ineffective assistance of counsel a defendant must prove that

(1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 688 at 669. "A court does not have to analyze both prongs of the *Strickland* test" because "[a] defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F. 3d 530, 533 (7th Cir. 1993) (citation omitted).

Where a petitioner alleges ineffective assistance of counsel based on a failure to investigate or present additional evidence, he cannot rely on vague allegations and tendentious theories, but rather bears the burden of presenting with some particularity what additional evidence could have been uncovered and presented and how this additional information would have had a reasonable probability of changing the outcome. *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003); *see also Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)).

b) Discussion

In the course of his 43-page motion for collateral review and 90-page supplement to that motion, Sunmola has presented a litany of ways in which he feels that his counsel failed him at trial, the change of plea conference, and sentencing. The Court has reviewed all of these individual arguments and has found all to be unavailing. Without delving into the granularity of each contention, Sunmola's allegations generally fall into two categories: he feels his counsel gave him inaccurate information about his sentence, and he feels his counsel failed to present helpful evidence and object to unhelpful evidence at various stages of the criminal proceedings.

Regarding Sunmola's contention that his counsel gave him inaccurate information about the sentence that he would or his rights as a foreign citizen, Sunmola has not presented any persuasive evidence to support his claims, which are contradicted by affidavits from his counsel. Regardless, even if Sunmola had received inaccurate information from his counsel, he was advised of the potential sentence that he faced at his plea hearing and assured the judge that he understand the potential sentencing range and understood that he could not expect to know with certainty what sentence he might receive. Similarly, Sunmola was advised by law enforcement of his rights as a foreign citizen to consular notification. Accordingly, these claims are unpersuasive.

As for Sunmola's arguments regarding his counsel's supposed failures to present objections and favorable evidence, these are contradicted by the record. Sunmola's counsel did present objections to the PSR — there is no indication that the decision to present certain objections and not other objections was not a valid strategic decision. Similarly, Sunmola has presented only vague statements about what information could have presented, and the few concrete examples that he has produced do not appear remotely sufficient to have resulted in a different outcome. Thus, these claims too are unpersuasive.

## II. Sunmola's Plea

### a) Applicable Law

Valid guilty pleas must be "not only must be voluntary but must be knowing, intelligent acts" to be valid. *Brady v. United States*, 397 U.S. 742, 748 (1970). For a plea to be intelligent, a defendant must first receive "real notice of the true nature of the charge

against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A defendant's claims of involuntariness or confusion may be insufficient to allow withdrawal of a plea "in the context of a record containing substantial indications of voluntariness and lack of confusion." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quoting *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992)). "One especially important consideration is the defendant's answers to the questions posed at his Rule 11 hearing." *Trussel*, 961 F.2d at 689-90.

There is no uniform approach to ensuring that a defendant understands the charges against him and potential sentence. *See United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994). As a result, a court must examine the "totality of the circumstances" to determine whether a defendant's plea was intelligent. *See United States v. Bradley*, 381 F.3d 641, 645 (7th Cir. 2004). Courts may consider factors including: (1) the complexity of the charge; (2) the defendant's intelligence, age, and education; (3) whether the defendant was represented by counsel; (4) the district court's inquiry during the change of plea hearing and the defendant's responses; and (5) the evidence proffered by the government for its factual basis. *See LeDonne*, 21 F.3d at 1423.

b) *Discussion*

This case presents a classic scenario of a defendant claiming that a plea was involuntary and unintelligent, yet offering only vague statements to support his claim, which are clearly contradicted by the record. Precedent is clear in situations like this: where the defendant was clearly advised of the charges and potential sentences and indicated that he understood and knowingly entered a guilty plea, the guilty plea is valid,

and later unsubstantiated claims of confusion are unavailing. Here, the transcript of Sunmola's plea hearing shows that he was clearly advised as to his charges and potential sentences and that he repeatedly indicated that he understood and pleaded guilty. Accordingly, the Court is not persuaded by his arguments that he was misinformed. Given that his guilty plea was valid, his argument that his attorney should have sought to withdraw his guilty plea is similarly unpersuasive.

## CONCLUSION

For the reasons set forth above, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1), is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:  May 15, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**